FILED

2016 APR -1  PM 3: 53

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. MICHELE YATES, | RELATOR'S COMPLAINT PURSUANT TO THE FEDERAL FALSE CLAIMS ACT 31 U.S.C. §§3729 *ET SEQ.* |
| Plaintiff, | |
| v. | FILED UNDER SEAL |
| PINELLAS HEMATOLOGY & ONCOLOGY, P.A., and PRATIBHA DESAI an individual, | DO NOT PLACE ON PACER CASE NO.: 8:16 cv 799 T 35 TGW |
| Defendants. | JURY TRIAL DEMANDED |

## QUI TAM COMPLAINT AND DEMAND FOR JURY TRIAL

Relator, MICHELE YATES, by and through undersigned counsel, appearing before this honorable Court on behalf of herself and the United States of America, its departments, and agencies, hereby brings this action against Defendants, PINELLAS HEMATOLOGY & ONCOLOGY, P.A., and PRATIBHA DESAI, an individual, for all damages, penalties, and other remedies arising out of Defendants' violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.*

### INTRODUCTION

1.  This is an action under the False Claims Act, 31 U.S.C § 3730(b), for damages and civil penalties on behalf of the United States of America, for violations of the Act arising from false or fraudulent records, statements, or claims, or any combination thereof, made, used, caused to be made, or presented by the Defendants, its agents, or employees, or any combination thereof, with respect to false claims through the Federal Medicare and Medicaid Programs.

2.  Relator worked for Defendants as billing manager at two of Defendants' locations in Pinellas County, Florida. During her employment, Relator tried to stop Defendants from

submitting false claims to the United States government seeking payments it was not entitled to receive, and to pay back money already received to which it was not entitled. Her efforts were in vain and, like many other whistleblowers, cost Relator her job. Defendants violated 31 U.S.C. § 3730(h) by demoting and then terminating Relator in retaliation for attempts to stop its illegal billing practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345 and 31 U.S.C. § 1330 (h)(2).

4. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 31 U.S.C. § 3732(a). The Defendants transact business within the district, and the discriminatory acts proscribed by the False Claims Act occurred within the District.

## PARTIES

5. Relator has satisfied all other conditions precedent to bringing this action.

6. Relator is a citizen of the United States and resides in Largo, Florida.

7. Defendant PINELLAS HEMATOMOLOGY & ONCOLOGY, P.A. is a Florida corporation with its principal place of business in St. Petersburg, Florida.

8. Defendant PRATIBHA DESAI is the President of Defendant PINELLAS HEMATOLOGY & ONCOLOGY, P.A. and works there as a physician.

## SUPPORTING FACTS

9. On or around April 1, 2015, Relator began her employment with Defendants.

10. As the billing manager, Relator's job included the task of completing and filing Health Insurance Claim Forms (CMS 1500 forms) for payment from Medicare and Medicaid.

11. When the events in this lawsuit occurred, approximately 50% of Defendants' patients were Medicare recipients and about 25% were Medicaid recipients.

12. The Defendants filed false claims for reimbursement with the United States government. Specifically, Defendants improperly filled out many CMS 1500 forms, stating that Defendant PRATIBHA DESAI had seen patients when it was really either Defendants' employees Dr. David Dresdner or Dr. Sudhir Hansalia who had seen the patients.

13. Defendants did this because Drs. Dresdner and Hansalia were not yet contracted through Defendants to provide care for patients with Medicare and Medicaid, and Defendants wanted to ensure it received payments from Medicare and Medicaid for the patients those two doctors saw.

14. To accomplish this, Defendants fraudulently completed Column J of Box 24 on the CMS 1500 form, including Defendant PINELLAS HEMATOLOGY & ONCOLOGY, P.A.'s group number and Defendant PRATIBHA DESAI's National Provider Identifier (NPI) number. Also, Defendants fraudulently included Defendant PRATIBHA DESAI's signature and credentials in Box 31 on the CMS 1500 form, indicating that Defendant PRATIBHA DESAI had seen the patient when it was actually either Drs. Dresdner or Hansalia.

15. Relator reported the fraudulent billing practices committed by Defendants in late September 2015 to Medicaid and Medicare.

16. Shortly thereafter in late September 2015, Relator verbally told Defendant PRATIBHA DESAI and Defendants' practice administrator Iliana Bolton, together, that she believed Defendants were breaking the law by fraudulently listing Defendant PRATIBHA DESAI as the physician in Box 31 of the CMS 1500 forms.

17. Secondarily, Relator also discovered that Defendants were running a laboratory out of its satellite office at 603 7th Street S. despite the fact that location did not have the certificate needed in order to bill Medicaid and Medicare, per the Clinical Laboratory Improvement Amendments. *See* 42 U.S.C. § 263a.

18. In October 2015, Relator reported this uncertified laboratory to Medicare, Medicaid, and the Florida Agency for Health Care Administration ("ACHA").

19. Relator went to great lengths to prevent and stop the fraudulent billing committed by Defendants. Defendants fired Relator in retaliation for Relator reporting fraudulent billing practices to Defendants' management, because Relator attempted to stop Defendants from continuing to submit false claims to the United States Government.

20. Specifically, in retaliation, Defendants twice demoted Relator in early October 2015. Then on or about October 9, 2015, Defendants terminated Relator's employment.

21. The reason that Relator was fired was because she had direct knowledge of various types of fraudulent conduct occurring at Defendants' facilities, including false billings in violation of the False Claims Act which she had reported to Medicare and Medicaid in late September 2015.

22. Defendants encouraged, authorized and ratified all the violations of the False Claims Act committed by its various officers, agents, and employees and the actions taken by Relator as set forth above.

23. Relator opposed and made efforts to stop these illegal actions by Defendants:

    (a) In submitting false Medicaid and Medicare claims to the Government, Defendants falsely certified, expressly and implicitly, compliance with all Medicaid and Medicare rules and regulations.

    (b) By engaging in the acts set forth above, the Defendants and through its agents, officers and employees, in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733, (i) knowingly presented or caused to be presented to the Government numerous false or fraudulent claims for payment or approval; (ii) knowingly made, used or caused to be made or used, false records or statements to get a false or fraudulent claims paid or approved by the Government; and (iii) conspired to defraud the Government by getting a false or fraudulent claims allowed or paid.

(c) Such additional acts, practices, and/ or omissions as are alleged above.

## COUNT I
## VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(1)(A)

24. Relator realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

25. The Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval to the United States in the form of CMS 1500 forms.

26. By virtue of the false or fraudulent claims presented by Defendants through the Federal Medicare and Medicaid Programs, the United States suffered damages.

**WHEREFORE**, Relator Michele Yates, on behalf of herself and on behalf of the United States, requests that this Court grant the following relief:

(a) Judgment against Defendant in an amount equal to three times the amount of damages the United States government has sustained because of Defendant's actions, in addition to a civil penalty of $5,000 to $10,000 for each action in violation of 31 U.S.C. § 3729;

(b) All of the costs that Relator incurred in bringing this action, including reasonable attorneys' fees;

(c) An award to the Relator, in the form of a percentage of damages, pursuant to 31 U.S.C. § 3730(d);

(d) That the Relator be awarded prejudgment interest;

(e) That the United States and the Relator receive all relief, at law and at equity, to which they are reasonably entitled in this action.

## COUNT II
## VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(1)(B)

27. Relator realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

28. The Defendants knowingly made, used, or caused to be made or use, false records or statements to get false or fraudulent claims paid or approved by the United States in the form of CMS 1500 forms.

29. By virtue of the false or fraudulent claims made by Defendants through the Federal Medicare and Medicaid Programs, the United States suffered damages.

**WHEREFORE**, Relator Michele Yates, on behalf of herself and on behalf of the United States, requests that this Court grant the following relief:

(a) That this Court enter judgment against Defendant in an amount equal to three times the amount of damages the United States government has sustained because of Defendant's actions, in addition to a civil penalty of $5,000 to $10,000 for each action in violation of 31 U.S.C. § 3729;

(b) All of the costs that Relator incurred in bringing this action, including reasonable attorneys' fees;

(c) An award to the Relator, in the form of a percentage of damages, pursuant to 31 U.S.C. § 3730(d);

(d) That the Relator be awarded prejudgment interest;

(e) That the United States and the Relator receive all relief, at law and at equity, to which they are reasonably entitled in this action.

## COUNT III
## VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. § 3730(h)(1)

30. Relator realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

31. The Defendants took retaliatory action against Relator including demotions and termination for the lawful acts of Relator to stop Defendants' violations of the False Claims Act.

32. By virtue of Defendants retaliatory actions against Relator, Relator has suffered damages.

**WHEREFORE**, Relator Michele Yates requests that this Court grant the following relief:

(a) That judgment be entered against the Defendant for twice the amount of Relator's back pay, together with special damages and compensatory damages sustained as a result of the discrimination;

(b) That Relator be reinstated into her position with the seniority she would have earned had the retaliation described above not occurred, or alternatively be granted front pay;

(c) That Relator be awarded all costs incurred, along with reasonable attorneys' fees;

(d) That the Relator be awarded prejudgment interest; and

(e) That Relator receive all relief both at law and at equity as this Court determines appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated this **31** day of March, 2016.

_/s/ Steven Wenzel_
STEVEN G. WENZEL
Florida Bar No.159055
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-223-6545
Facsimile No.: 813-229-8712
Email: swenzel@wfclaw.com
Email: mcambronero@wfclaw.com
**Attorneys for Plaintiff**