UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
ex rel. MICHELE YATES,

    Plaintiff,

v.                                    CASE NO. 8:16-cv-799-T-02TGW

PINELLAS HEMATOLOGY &
ONCOLOGY, P.A.,

    Defendant.
_____/

## ORDER ON POST-TRIAL MOTION

The Court turns to the Defendant Pinellas Hematology & Oncology, P.A.'s ("PHO") renewed motion for judgment, or alternatively, motion for remitter (Dkt. 212). Defendant seeks relief under Rules 50(b) and 59(e), Fed. R. Civ. P.

Rule 50(b) governs the disposition of motions for judgment as a matter of law, which includes motions for remittitur. The general test to resolve a renewed motion for judgment as a matter of law rests on the sufficiency of an evidentiary basis to support a reasonable jury's verdict. *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007). The specific standard for remittitur under Rule 50 is whether the judgment is constitutionally excessive and must be reduced —whether the law permits the award. *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320, 1331 (11th Cir. 1999) (noting that a constitutionally reduced verdict is

"really not a remittitur at all"). Rule 59(e) applies to amend or alter a judgment, including a request for remittitur. The standard to remit an award of damages using Rule 59 is whether the court in its discretion "believes the jury's award is unreasonable on the facts." *Id.* (noting that this "traditional" remittitur must afford plaintiff an option to elect a new trial). The Court denies this motion.

The Court believes there was an evidentiary basis (primarily via Plaintiff and Dr. David Dredsner and several emails, *e.g.*, Joint Exhs. 4, 7 at Dkts. 201-3, 201-4) for the 214 false claims and $755.54 in damages found by the jury. Dkt. 200 at 7–8. In effect, as to almost all of these, unpaid lab submissions from the CLIA-uncertified Bayfront lab were relabeled falsely to be from the CLIA-certified Park Place lab. Dkt. 208 at 47–51, 57–58. The Bayfront lab was later shut down by the State of Florida because it was uncertified. *Id.* at 224–25.

Having said there was an evidentiary basis, the Court notes the evidentiary basis was contested. However, the jury's factfinding and resolution of this dispute was rational. Whether the Court might have found other facts if it were the factfinder is an irrelevant question—there was a competent basis in evidence for this verdict. Defendant argues that Plaintiff's testimony was not credible, but witnesses contrary to Plaintiff were credible. Dkt. 212 at 2–3. This was a classic jury issue. The verdict shows a careful jury. The jury rejected Plaintiff's claims in significant part, including her retaliation claim.

Many of the 214 relabeled claims were not paid by Medicare. That does not render them nil. The Act proscribes the presentation of false claims, not false claims that are paid.

Defendant argues that of the 214 claims, a number were not truly false. Plaintiff responds (Dkt. 222), arguing to the contrary. The Court finds that the evidence at trial would permit a rational jury to find 214 false claims. And the Court did not limit Defendant's rebuttal, cross-examination, or contrary proofs properly presented before the jury.

The Defendant argues that lab certification compliance "is not a condition of payment." Dkt. 212 at 6. This concept focuses on materiality, and materiality was squarely put to the jury.

Finally, Defendant argues that applying the penalty range of $5,500.00 to $11,000.00 to each claim (per 28 C.F.R. § 85.3(a)(9)) would constitute an excessive fine prohibited by the Eighth Amendment. Dkt. 212 at 23. This equitable argument has support where, as here, many of the false claims were not paid by the government, and the sum total of actual damages is very small. *See United States ex rel. Bunk v. Birkart Globalistics GMBH & Co.*, No. 1:02cv1168, 2012 WL 488256 (E.D. Va. Feb. 14, 2012); *United States ex rel. Smith v. Gilbert Realty Co.*, 840 F.Supp. 71 (E.D. Mich. 1993). This equitable argument also has support because the claims did not involve fake tests or fake patients. Instead, the

3

tests came from a lab that had no proper license and Medicare would not pay for lab reports from a non-licensed lab.  Providing this level of penalty on such a small amount of actual damages is quite harsh.

Nevertheless, this is a legislative-mandated penalty.  The Court believes it is bound by Eleventh Circuit precedent to impose this very harsh penalty per claim. *United States v. Killough*, 848 F.2d 1523, 1533–34 (11th Cir. 1988).  Accordingly, judgment shall enter in Plaintiff's favor against Defendant PHO for: $755.54 times three; plus 214 times $5,500.00.  Plaintiff's counsel is directed to confer with the United States as to the nature of the judgment and to provide a suggested text of same.

**DONE AND ORDERED** at Tampa, Florida, on October 30, 2019.

s*/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**