# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,
ex rel. MICHELLE YATES,

    Plaintiff,

v.                                                          CASE NO. 8:16-cv-799-T-02CPT

PINELLAS HEMATOLOGY &
ONCOLOGY, P.A. and
PRATIBHA DESAI,

    Defendants.
_____/

## ORDER

This cause comes before the Court on the motion to approve a cash bond and stay enforcement of the amended final judgment[1] filed by Defendants Pinellas Hematology & Oncology, P.A. ("PHO") and Dr. Pratibha Desai (Dkt. 251), and the response in opposition (Dkt. 255). After careful consideration of the argument of counsel, the applicable law, and the file, the Court concludes the motion should be denied as to the amount of the bond and granted as to the stay of execution of the judgment conditioned on the posting of the bond approved in this order.

Rule 62(b) of the Federal Rules of Civil Procedure allows for a stay pending appeal if the court approves the bond. The bond preserves the status quo while

---

[1] The amended final judgment is found at docket 240.

protecting the non-appealing party's rights pending appeal. *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986) (citing *Poplar Grove Planting & Refining. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979)). The court exercises discretion in setting the bond. *Id.*

The Middle District's local rules, unlike some other districts', give no suggested formula for a supersedeas bond. *Regions Bank v. Legal Outsource PA*, No. 2:14-cv-476-FtM-PAM-MRM, 2017 WL 11461033, at *3 (M.D. Fla. Apr. 27, 2017).[2] Judges in the Middle District, however, have exercised discretion to set the bond at 125 percent of the judgment to cover, among other items, the delay damages and post-judgment interest. *See Rezendes v. Domenick's Blinds & Décor, Inc.*, No. 8:14-cv-1401-T-33JSS, 2015 WL 5735419, at *3 (M.D. Fla. Sept. 22, 2015) (setting bond at 125 percent of judgment); *Hiscox Dedicated Corporate Member, Ltd. v. Matrix Group Limited*, No. 8:09-cv-2465-T-33AEP, 2012 WL 333806 (M.D. Fla. Feb. 1, 2012) (same).[3]

Defendants do not ask this Court to waive the bond. Rather, they offer to post a cash bond in an interest-bearing account with the Clerk of Court in the amount of $1,197,595.33, which is equal to the amount of the judgment,

---

[2] Plaintiff cites the local rules of other districts of the United States which provide a formula. Dkt. 255 at 2–3.

[3] *See also Houston Specialty Ins. Co. v. Vaughn*, No. 8:14-cv-1187-T-17JSS, 2018 WL 10128047, at *2 (M.D. Fla. Feb. 23, 2018) (setting bond at 125 percent of judgment pursuant to parties' consent).

$1,179,266.62, plus one year of post-judgment interest, $18,328.71.  Plaintiff contests this amount as inadequate.  The relator suggests the bond should be from 125 to 150 percent of the amount of the judgment, which is between $1,474,083.28 to $1,768,899.93.  Plaintiff's suggestion is in keeping with the law in this district.

Plaintiff argues any lesser bond will not "fully protect a party that prevails on appeal."  Dkt. 255 at 2.  If successful on appeal, Plaintiff will be entitled to attorney's fees under the False Claim Act.  Dkt. 255 at 4.[4]  Post-judgment interest will continue to accrue.  *Id*.  Although Defendants urge that they, too, will have a claim for attorney's fees after appeal (Dkt. 251 at 4),[5] the Court finds the more prudent solution to all rests in setting the bond at 25 percent more than the amended judgment.

Another factor to be considered in fashioning security is whether the movant has made a substantiated claim about its ability to pay the judgment.  *See Hiscox*, 2012 WL 333806, at *1 (setting bond at 125 percent of judgment where movant failed to file a document providing net worth information or provide objective information regarding movant's actual ability to pay).  Here, Defendants have not attempted to claim or show they will have the ability to pay the judgment after the

---

[4] This Court denied without prejudice Plaintiff's motion for attorney's fees and costs, preserving all related issues until completion of the appeal.  Dkts. 248, 250.

[5] The Court notes that Dr. Desai's motion for attorney's fees was denied with prejudice, having failed to satisfy the statutory basis for a prevailing defendant to recover fees under the False Claims Act.  *See* Dkt. 226.

appeal has concluded.  Indeed, Plaintiff notes that Dr. Desai sold PHO in 2019.  Dkt. 255 at 4.  Consequently, the Court's concerns about protecting the non-appealing party have not been allayed.

It is therefore **ORDERED AND ADJUDGED** as follows:

1. Defendants' motion to stay the enforcement of the amended judgment (Dkt.251) is granted.

2. The judgment is stayed pending resolution of the appeal after adequate security has been posted consistent with this order.

3. The amount of the bond is set at $1,474,083.28, which is 25 percent more than the judgment.  Defendants are required either to post a supersedeas bond in the amount of $1,474,083.28 or to deposit this amount with the Clerk of Court within fifteen (15) days.

**DONE AND ORDERED** in Tampa, Florida, on February 11, 2020.

*s/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record